UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Virgil Hill, | ) | CASE NO. 5:11 CR 536 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Virgil Hill's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #499).

I.

A grand jury indicted Mr. Hill on one count of conspiracy to possess with intent to distribute and to distribute cocaine, cocaine base, and heroin; and two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. On October 31, 2012, pursuant to a written plea agreement, Petitioner pleaded guilty to the conspiracy count and admitted to one prior felony drug conviction and possession of at least 2.5 kilograms of cocaine, 840 grams of cocaine base, and 100 grams of heroin. He also waived most of his appeal rights. In exchange, the government agreed to recommend imposition of an enhanced mandatory minimum sentence of 240 months in prison and dismissal of the two distribution counts. At sentencing, the district court imposed the recommended prison term of 240 months, as well as ten years of supervised release. Judgment was entered on February 6, 2013. The Sixth Circuit affirmed

judgment on May 15, 2014. Petitioner filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence on April 23, 2015.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner's Motion claims that he received ineffective assistance of counsel leading up to and during the change of plea proceedings as well as during sentencing and on direct appeal.

The Petitioner's claims for ineffective assistance of counsel are unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."*Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

In the case of a guilty plea, a defendant seeking to establish the *Strickland* prejudice requirement must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). It is against this test that Mr. Hill's allegations of his counsel's ineffectiveness must be examined.

3

The recitation of facts set forth in the Government's Response in Opposition to Defendant's Motion (ECF #506) accurately reflects the evidence presented in support of Mr. Hill's guilty plea and the information available to Mr. Hill during and prior to his change of plea and sentencing. They are, therefore, adopted by this Court as if rewritten, herein.

The Petitioner has not provided any evidence that would show he was prejudiced by any acts or failures of his attorney or that he would not have pled guilty but for counsel's alleged errors. Mr. Hill complains that Attorney David Jack was ineffective in failing to challenge his "non-qualifying prior convictions for the purpose of § 851 enhancement and/or career offender designation." However, prior to Mr. Hill entering his guilty plea, the government notified him of its intent to seek an enhanced statutory sentence under § 851 based on his prior convictions for (1) Possession of Cocaine (Case Number 2005CR1484), Stark County, 2005; (2) Trafficking in Cocaine and Possession of Cocaine (Case Number 2007CR1905), Stark County, 2008. (ECF #187). Given that these convictions occurred more than five years prior to the instant offense, under 21 U.S.C. § 851(e) Mr. Hill was barred from challenging the use of these convictions to enhance the mandatory sentence. ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C.§ 851(e).) In addition, according to Mr. Hill, his prior convictions do not qualify as career offender predicates. Despite his stated concerns to the contrary, Mr. Hill has not in fact been designated as a career offender.

Mr. Hill initialed the plea agreement that states that "Defendant understands that the United States has filed notice, in accordance with the provisions of U.S.C. Title 21, § 851(a)(1),

4

setting forth at least one prior felony drug conviction for Defendant, and invoking the penalty enhancement provisions of U.S.C. Title 21 § 841(b)" (ECF #253, p.3), Mr. Hill also acknowledged on the record, that he reviewed the presentence report and that he was satisfied with the information presented. (ECF #398, pp.2-3). Mr. Hill did not raise any issues of unconstitutionality during the guilty plea proceedings or at his sentencing, and in fact, Mr. Hill affirmed his prior convictions on more than one occasion. In short, Mr. Hill knowingly, voluntarily, and intelligently entered his guilty plea.[1]

The Court imposed an agreed upon sentence of 20 years, which is the mandatory minimum under the statutory provisions. Also, plea negotiations resulted in the dismissal of counts 11 and 12 for distribution of cocaine base. Mr. Hill has offered no evidence of how he was prejudiced, nor has he presented evidence of a reasonable probability the outcome would have been different but for his claimed ineffective assistance of counsel. Because Petitioner has offered no evidence or argument that would meet the requirements set forth in *Strickland* with respect to any of his ineffective assistance of counsel claims, these claims are dismissed.

### IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

---

[1] The Sixth Circuit has already explained that "Hill's plea and appellate waiver of his sentence were valid because he knowingly and voluntarily entered into them." In the same opinion, the Sixth Circuit has already stated that "the record does suggest any deficit performance by counsel." Hill, 13-3190, p.4.

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Hill has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

### V.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #499) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 9, 2015