IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:11 CR 536 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| VIRGIL HILL, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Virgil Hill's Motion for Modification or Reduction of Sentence.  (ECF# 577).   Although the motion does not cite 28 U.S.C. § 2255, it is, in effect, a motion to vacate, set aside, or correct sentence pursuant to that statute.  Mr. Hill previously filed a § 2255 motion to vacate, which was denied. (ECF #499, 515).[1]  This, therefore, would be his second motion to vacate his sentence.  Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[1] Mr. Hill  also later filed a Motion to Amend or Alter Judgment under Fed. R.  59(e), which was also denied.  (ECF #522, 524).

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Hill has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Hill's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.


　　　　　　　　　　　　　　　　　　　　　　 /s/ Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　　　Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:  February 15, 2017